Argued April 3, affirmed August 23, 1967

JUST-A-MERE FARM, INC., *Appellant, v.*
PEET, *Respondent.*

430 P. 2d 987

*Gerson F. Goldsmith,* Portland, argued the cause
for appellant. On the briefs were Goldsmith, Siegel &
Goldsmith, Portland.

*George L. Evans,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and E. Nordyke, Assistant Attorney General and Chief Counsel for the Department of Employment Commissioner, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

Plaintiff appeals from a decree affirming the decision of the Department of Employment finding that services performed by plaintiff's employees constituted employment within the meaning of the Department of Employment Law (ORS Ch 657).

Plaintiff is an Oregon corporation which owns 900 acres of land of which 330 acres are in cultivation. The remaining portion is forest land. Except for a family garden and family orchard, all of the cultivated land is planted to forest-type trees for the purpose of eventually producing commercial timber. The major portion of the services of plaintiff's employees is related to the tree-growing enterprise, including the preparation and cultivation of the soil, the suppression of grass, the planting of seedling trees, spraying, and maintaining the machinery used in these operations.

Plaintiff contends that the services performed in connection with the raising of trees under the circumstances described above constituted "agricultural labor" which is expressly excluded from the employment covered by the Department of Employment Law.

ORS 657.045 provides as follows:

"(1) 'Employment' does not include agricultural labor.

"(2) 'Agricultural labor' includes all services performed:

"(a) On a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur-bearing animals and wildlife.

"(b) In the employ of the owner or tenant or other operator of a farm, in connection with the operation, management, conservation, improvement or maintenance of such farm and its tools and equipment, or in salvaging timber or clearing land of brush and other debris left by a hurricane, if the major part of such services is performed on a farm.

"(c) In connection with the production or harvesting of maple syrup or maple sugar or any commodity defined as an agricultural commodity in section 15(g) of the Federal Agricultural Marketing Act, as amended, or in connection with the raising or harvesting of mushrooms, or in connection with the hatching of poultry, or in connection with the ginning of cotton, or in connection with the operation or maintenance of ditches, canals, reservoirs or waterways used exclusively for supplying and storing water for farming purposes.

"(d) In handling, planting, drying, packing, packaging, processing, freezing, grading, storing or delivering to storage or to market or to a carrier for transportation to market, any agricultural or horticultural commodity, but only if such service is performed as an incident to ordinary farming operations, or, in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market. This paragraph does not apply to service performed in connection with com-

mercial canning or commercial freezing or brining of cherries or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption.

"(3) 'Farms,' as used in this section, includes stock, dairy, poultry, fruit, fur-bearing animal and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards."

We begin our inquiry into the meaning of the term "agricultural labor" and "farm" as used in ORS 657.045 fully cognizant of the fact that the meaning of words must be derived from the purpose for which they are used. The legislative history of the Oregon Department of Employment Law and the related federal unemployment legislation throws little light upon the purpose for excluding agricultural labor from the coverage of the respective acts. Nor is there anything in the legislative history which directly indicates a purpose either to exclude or include the growing of commercial timber in the legislation on unemployment compensation.[①]

In *H. Duys & Co. v. Tone,* 125 Conn 300, 5 A2d 23 at 25-26 (1939) the court, in searching for the legislative purpose in excluding agricultural labor, observed that:

"* * * The reason assigned in the reports of the congressional committees was 'difficulties in collecting the tax.' House Report No. 615, p. 33, Senate Report 628, p. 45, 74th Congress, 1st Session."

---

[①] However, as pointed out in footnote 1 in H. Duys & Co. v. Tone, 125 Conn 300, 5 A2d 23, 25 (1939), regulations promulgated under the federal act recited that "Forestry and timbering are not included within the exception." See 26 CFR, § 403.208 (1949).

The court went on to say:

"* * * Intimation to the same effect is afforded in Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327, concerning the Alabama Unemployment Compensation Act, wherein it is said (page 513, 57 S.Ct. page 874): 'Administrative considerations may explain several exemptions. Relatively great expense and inconvenience of collection may justify the exemption from taxation of domestic employers [also exempted in the same section of the federal and state acts], farmers, and family businesses, not likely to maintain adequate employment records, which are an important aid in the collection and verification of the tax. * * *' It seems reasonable and probable that the practical reason so indicated—avoidance of administrative difficulties in ascertaining and collecting the tax, involving expense disproportionate to the resulting advantages —was the one motivating the exemption here involved rather than a paramount purpose to benefit and encourage agriculture."

On the other hand, it has been said that "The whole agricultural labor exclusion, indeed, probably rests today more largely on other reasons than it does on the difficulty of collecting taxes."[2]

If administrative difficulties involved in collecting the tax and the inconvenience and possible unfairness to farmers in reporting their tax because of the seasonal character of farming operations were important

---

[2] Willcox, The Coverage of Unemployment Compensation Laws, 8 Vand L Rev 245, 280 (1955). However, the author adds (footnote 137) that "difficulties of collection would still be great with respect to certain kinds of farm employment, especially the very short-term employment that prevails in some farm operations. Old-age and survivors insurance still excludes agricultural labor if the worker is paid cash wages of less than $100 a year by one employer. See *Social Security Amendments of 1954*."

considerations in excluding agricultural labor from the respective unemployment compensation acts, these considerations would not ordinarily apply to an operation involving the growing of timber. It would seem clear that the operation of large "tree farms" would not fall within the exclusion. Plaintiff admits as much but points to the difference in its operation, specifically in the fact that unlike the large tree farm operations plaintiff prepares the soil for planting, cultivates the soil, sprays to control grass, and carries on other activities in raising its trees ordinarily associated with the raising of crops. We do not regard this difference as significant in construing the statute. We assume that the legislature intended to distinguish agricultural employment as a general category from other types of employment falling in another general category. We do not think, therefore, that the legislature intended some kinds of tree farms to fall within the exclusion and others not.

Although the meaning of the term "agricultural labor" is by no means clear and, indeed, "extends the concepts of a farm and of agricultural work to some operations which otherwise might be considered not to involve farming at all,"[9] we are of the opinion that the work performed by plaintiff's employees does not constitute "agricultural labor" within the meaning of ORS 657.045. We reach this conclusion principally upon the basis of our understanding of the terms "agricultural labor" and "farm" as those terms are used in the vernacular. Although, with the development of the selective cutting of timber, it is not uncommon to refer to timber as a "crop," we do not think that in common parlance the growing of trees for the pur-

---

[9] Willcox, *supra* note 2 at p. 277.

pose of producing lumber is regarded as an agricultural operation, and we assume that ORS 657.045 was cast in terms of this common usage. The types of activity described in ORS 657.045 in defining "agricultural labor" relate directly or indirectly to operations which are commonly regarded as associated with farming in its traditional sense, i.e., where the work performed is directly or indirectly connected with the production and sale of that which the land yields annually in the form of crops or animals. This, we think, was intended in defining "agricultural labor" in terms of "services performed * * * in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity * * *." The specific activities listed in the statute to help further define "agricultural labor" or "farm" with the possible exception of the activities specified in subsection (2)(d) all fit within the concept of farming as it is understood in common parlance. And the legislature was careful to point out that the activities specified in subsection (2)(d) not *directly* related to the production of the farm qualifies as agricultural labor "only if such service is performed as an incident to *ordinary farming operations*." (Emphasis added.)

We hold that the work performed by plaintiff's employees is not "agricultural labor" and that plaintiff is within the coverage of the Department of Employment Law.

The decree of the trial court is affirmed.