Argued and submitted April 15, reversed and remanded for reconsideration
June 3, 1987

# RASH,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (86-AB-1442; CA A41775)
737 P2d 966

David S. Tilton, Oregon Legal Services Corporation, Coos Bay, argued the cause and filed the briefs for petitioner.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Stephen B. Hill, Portland, argued the cause and filed the brief for respondent Oregon-Pacific Salmon Ranch.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of an Employment Appeals Board order denying his claim for unemployment benefits. He contends that EAB erred in concluding that he did not have sufficient wages and weeks of work with Oregon-Pacific Salmon Ranch (employer) to establish a claim.[1] The question is whether EAB erred in determining that employer is an "agricultural employer," as defined by ORS 657.045(3)(c), thus excluding claimant's wages and weeks of work for employer in considering his eligibility for benefits. We reverse.

Claimant was employed from May, 1984, until July, 1985. Employer operates a salmon hatchery and processing plant. Claimant was a maintenance man and worked primarily as a crane operator, although he sometimes worked on trucks, welded things and fed the fish. Due to lack of work, he was laid off frequently during the first three months of 1985. When he filed for unemployment benefits in 1985, his claim was determined to be valid; but, in 1986, the Division redetermined that his claim was invalid on the ground that employer is an agricultural employer and that claimant is, therefore, excluded from the unemployment compensation law. Claimant appealed.

At the hearing, employer argued both that it is a "farm" within the meaning of ORS 657.045(5) and that it is producing agricultural commodities under ORS 657.045(3). The referee concluded that claimant was not engaged in agricultural labor. She stated:

"Claimant has sufficient wages and weeks of work to establish a valid claim. Wages and weeks of work from [employer] are to be included in claimant's monetary claim determination.

"* * * * *

---

[1] ORS 657.010(12) provides:

" 'Valid claim' means any claim for benefits made in accordance with ORS 657.260 if the individual meets the wages-paid-for-employment requirements of ORS 657.150."

ORS 657.150(2) provides, in relevant part:

"To qualify for benefits an individual must have worked 18 or more weeks in subject employment in the base year with total base year wages of $1,000 or more."

"The legislature has chosen not to specifically include work performed on fish farms in the agricultural labor definition in the Employment Division Law, nor to include fish farms in the definition of 'farms.' In contrast, it has specifically addressed the commercial raising of oysters, and declared such activity to be agricultural. (ORS 657.220).

"* * * * *

"An examination of section 15(g) [of the Agricultural Marketing Act] reveals no reference to fish as an agricultural commodity. Section 15(g) is cited in *Lenhardt Airpark v. Employment Div.*, 24 Or App 145, [544 P2d 622,] *rev den* (1976), which states that section 15(g) 'deals only with gum crops produced from trees (*See* Federal Agricultural Marketing Act (12 U.S.C. section 1141j(g) (1970)).'

"If the legislature wished to exclude work performed on fish farms from the definition of agricultural labor it could have done so. Absent rule or other authority interpreting the law other than as it reads, the referee has no authority to include work performed on fish farms in the definition of agricultural labor."

EAB disagreed. It concluded:

"Section 15(g) of the Federal Agricultural Marketing Act does refer to crude gum from a living tree, gum spirits and turpentine. However, this enumeration of 'gum' products is preceded by 'As used in this subchapter, the term "agricultural commodity" *includes, in addition to other agricultural commodities, * * *.*' The Federal Agricultural Marketing Act, as now amended, defines 'agricultural commodities' or 'agricultural products' as including 'fish'. Salmon of course are fish. Therefore, the work performed by claimant is 'agricultural labor' and is exempt. Claimant is not entitled to wage credits under ORS 657.045." [Emphasis EAB's.]

The unemployment compensation law is remedial legislation which should be liberally construed to the end that employes receive the benefits intended. *Puget Sound B. & D. Co. v. S.U.C.C.*, 168 Or 614, 126 P2d 37 (1942). "Agricultural labor" is excluded from "employment" under the unemployment compensation law if it meets certain conditions.[2] ORS

---

[2] Employer also argues that it should be classified as an "agricultural employer," because it is classified as such by the Internal Revenue Service and the Bonneville Power Administration, for purposes of certain agricultural exemptions. However, those classifications are for purposes other than Oregon unemployment compensation, and they do not control here.

657.045 provides, in relevant part:

"(3) 'Agricultural labor' does not include services performed for the state or a political subdivision but does include all services performed:

"(a)   On a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur bearing animals and wildlife.

"* * * * *

"(c)   In connection with the production or harvesting of any commodity defined as an agricultural commodity in section 15(g) of the Federal Agricultural Marketing Act, as amended, or in connection with the ginning of cotton, or in connection with the operation or maintenance of ditches, reservoirs or waterways not owned or operated for profit used exclusively for supplying and storing water for farming.

"* * * * *

"(5) 'Farms,' as used in this section, includes stock, dairy, poultry, fruit, fur-bearing animal, Christmas tree and truck farms, plantations, orchards, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities."

Section 15(g) of the Agricultural Marketing Act provides:

"As used in this chapter, the term 'agricultural commodity' includes, in addition to other agricultural commodities, crude gum (oleoresin) from a living tree, and the *following products as processed by the original producer of the crude gum (oleoresin) from which derived:* Gum, spirits of turpentine, and gum rosin [sic], as defined in section 92 of Title 7." 12 USC § 1141j(g).

We have held on two previous occasions that 12 USC § 1141j(g) deals only with gum crops produced from trees. *M/V Dare II Co. v. Emp. Div.*, 26 Or App 397, 403, 552 P2d 846, *rev den* (1976); *Lenhardt Airpark v. Employment Div.*, 24 Or App 145, 148, 544 P2d 622, *rev den* (1976). Although, as employer points out, those cases may be wrong, because §

1141j(g) states that those items are "in addition to other agricultural commodities," there is nothing to indicate that the term "agricultural commodity" was intended to include *fish*.[3]

Employer argues that claimant's work also qualifies as agricultural labor under ORS 657.045(3)(a), because its fish hatchery fits within the definition of a "farm" in ORS 657.045(5). The referee concluded that a fish hatchery is not included in that definition. We agree. The referee's analysis is supported by *Just-A-Mere Farm v. Peet,* 247 Or 413, 419, 430 P2d 987 (1967):

> "[W]e assume that ORS 657.045 was cast in terms of common usage. The types of activity described in ORS 657.045 in defining 'agricultural labor' relate directly or indirectly to operations which are commonly regarded as associated with farming in its traditional sense, i.e., where the work performed is directly or indirectly connected with the production and sale of that which the land yields annually in the form of crops and animals. This, we think, was intended in defining 'agricultural labor' in terms of 'services performed * * * in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity.' "

We conclude that claimant's work for employer in the fish hatchery was not agricultural labor within the meaning of ORS 657.045. Therefore, his wages and weeks of work should have been included in the determination of his benefits.

Reversed and remanded for reconsideration.

---

[3] We do not agree with EAB that the Agricultural Marketing Act has been amended to include fish.