Argued and submitted December 9, 1987, motion to dismiss denied; reversed and remanded October 26, 1988

OCHOA,
*Appellant,*

*v.*

WEISENSEE RANCH, INC.,
*Respondent.*

(C11-078; CA A43902)

763 P2d 173

Nargess Shadbeh, Woodburn, argued the cause and filed the brief for appellant.

Barry L. Adamson, Portland, argued the cause for respondent. With him on the brief was Williams, Fredrickson, Stark & Weisensee, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Plaintiff appeals from the decision of the trial court holding that his work on defendant's Christmas tree farm constitutes agricultural employment under the Fair Labor Standards Act (FLSA), 29 USC § 201 *et seq,* and that, therefore, he is not entitled to overtime pay for those weeks in which he worked more than 40 hours.

Defendant moved to dismiss the appeal on the ground that the amount in controversy is less than $250. ORS 19.010(3) provides:

"No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250."

Plaintiff alleged, and defendant denied, that he is entitled to $5,663.31. The "amount in controversy" is determined by the pleadings, *Libby v. Southern Pac. Co.,* 109 Or 449, 219 P 604, 220 P 1017 (1923), not by the result of the controversy. *Lowe v. Brown,* 114 Or 426, 233 P 272, 235 P 395 (1925).

Defendant asserts that the amount in controversy is less than $250 because the parties have stipulated that, if plaintiff is entitled to recover, he is entitled to $120.82 in unpaid overtime wages and to the same amount in liquidated damages under FLSA. Plaintiff has also alleged that he is entitled to a civil penalty under ORS 652.150, the amount of which is agreed to be $2,969; however, defendant contends that plaintiff is not entitled to the state-provided civil penalty as a matter of law. Therefore, it argues that the only amount in controversy is less than $250. The trial court, given its decision that plaintiff's work was exempt from FLSA, did not decide whether plaintiff is entitled to invoke ORS 652.150.

We believe that it is clear that the "amount in controversy" exceeds $250, given the pleadings and also the stipulation. It is agreed that the only issue on appeal is whether the trial court erred in holding that plaintiff's work was agricultural. The motion to dismiss is denied.

The parties stipulated to the facts. Plaintiff worked for defendant at various times from 1983 to 1985, engaging in the cultivation and harvesting of Christmas trees. He sometimes worked more than 40 hours per week; he always received

only his regular hourly wage, without any overtime pay. Defendant's only enterprise is the cultivation of Christmas trees. If plaintiff was not employed in agriculture as defined in FLSA, then he is entitled to recover unpaid overtime wages. As indicated above, FLSA provides for the same amount in liquidated damages, and the state provides for a civil penalty, the applicability of which has not been decided.

The only question is one of law: Is defendant's Christmas tree operation "agriculture" under FLSA? The federal law requires that an employer pay overtime wages to any employe who works more than 40 hours in a week. 29 USC § 207(a)(1). That provision does not cover several types of workers, including persons employed in agriculture. 29 USC § 213(b)(12). "Agriculture" is defined in 29 USC § 203(f):

> " 'Agriculture' includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j(g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."

The statutory definition does not clearly include or exclude Christmas tree cultivation. The Department of Labor has issued "interpretive bulletins" which set out the department's construction of FLSA. Although the bulletins are not regulations promulgated in accordance with the federal Administrative Procedures Act, they are the department's official interpretation of the act. 29 CFR § 780.5 to § 780.7. They contain a comprehensive definition of agriculture. 29 CFR § 780.0 *et seq.* Employes who are involved in the cultivation of Christmas trees are not considered to be engaged in agriculture and are, therefore, not exempt from the provisions of FLSA requiring payment for overtime.

> "Trees grown in forests and the lumber derived therefrom are not 'agricultural or horticultural commodities.' Christmas trees, whether wild or planted, are also not so considered. It

follows that employment in the production, cultivation, growing, and harvesting of such trees or timber products is not sufficient to bring an employee within section 3(f) unless the operation is performed by a farmer or on a farm as an incident to or in conjunction with his or its farming operations." 29 CFR § 780.115 (1987).

That definition excludes Christmas tree cultivation, unless it is performed "as an incident to or in conjunction with a farming operation." Because defendant's sole operation was the cultivation of Christmas trees, that activity was not incident to, or in conjunction with, any other pursuit. Therefore, if we accept the department's interpretation of agriculture, plaintiff is correct in his argument that his employment was not in agriculture.

Defendant argues that the interpretive bulletins are not regulations and that this court is free to fashion its own interpretation of FLSA. Unlike other federal laws, such as the National Labor Relations Act or the Interstate Commerce Act, which place the responsibility for applying and interpreting the particular act on an agency or department, the courts have the responsibility for interpreting and applying FLSA to particular facts. *Kirschbaum Co. v. Walling,* 316 US 517, 523, 62 S Ct 1116, 86 L Ed 1638 (1942). The United States Supreme Court discussed the appropriate deference that courts should give to the department's interpretive bulletins in *Skidmore v. Swift & Co.,* 323 US 134, 139, 65 S Ct 161, 89 L Ed 124 (1944):

"There is no statutory provision as to what, if any, deference courts should pay to the Administrator's conclusions. * * * The rulings of this Administrator are not reached as a result of hearing adversary proceedings in which he finds facts from evidence and reaches conclusions of law from findings of fact. They are not, of course, conclusive, even in the cases with which they directly deal, much less in those to which they apply only by analogy. They do not constitute an interpretation of the Act or a standard for judging factual situations which binds a district court's processes, as an authoritative pronouncement of a higher court might do. But the Administrator's policies are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come to a judge in a particular case. * * * Good administration of the Act and good judicial administration alike require that the standards of public

enforcement and those for determining private rights shall be at variance only where justified by very good reasons.

"We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."

Section 207(a)(1) of FLSA is a remedial provision, enacted to ensure that employes working more than 40 hours a week receive overtime wages. Because the agriculture exemption is an explicit Congressional exemption relieving employers engaged in agriculture from paying overtime wages, that exemption should be narrowly construed so that the fewest number of employes are denied overtime wages. *Arnold v. Ben Kanowsky, Inc.,* 361 US 388, 392, 80 S Ct 453, 4 L Ed 2d 393 (1960); *Donovan v. Bereuter's, Inc.,* 704 F2d 1034, 1036 (8th Cir 1983); *Donovan v. Frezzo Bros., Inc.,* 678 F2d 1166, 1173 (3d Cir 1982). The Supreme Court has stated that a court's interpretation of FLSA should vary from that of the department "only where justified by very good reasons." *Skidmore v. Swift & Co., supra,* 323 US at 140. Under FLSA, the employer bears the burden of demonstrating that an exemption applies. Although Congress intended that the exemption for agriculture be broad, application of the exemption is limited to the situations which plainly fall within the terms and spirit of FLSA. The court should defer to the department's bulletins defining agriculture "except in cases of flagrant abuse." *Donovan v. Frezzo Bros., Inc., supra,* 678 F2d at 1170.

■        Defendant argued, and the trial court agreed, that Christmas tree cultivation should be considered agriculture, because such cultivation is regulated by the state and federal Departments of Agriculture, employes are treated by IRS as agricultural workers, and the state allows agricultural tax deferrals for Christmas tree growers. The fact that other federal or state agencies classify Christmas tree cultivation as agriculture is not determinative in this case. Those classifica-

tions are for purposes other than the FLSA. *Rash v. Employment Division,* 85 Or App 570, 573 n 2, 737 P2d 966 (1987); *see also Donovan v. Frezzo Bros., Inc., supra,* 678 F2d at 1171.

■ The department's interpretation that Christmas tree cultivation should be excluded from the definition of agriculture is not clearly inconsistent with the common usage of that term. Farming in its traditional sense involves operations performed in connection "with the production and sale of that which the land yields annually in the form of crops and animals." *Just-A-Mere Farm v. Peet,* 247 Or 413, 419, 430 P2d 987 (1967). (Tree-growing for lumber enterprise was not farming as that term is understood in common parlance and, therefore, plaintiff's enterprise did not involve "agricultural labor" for purposes of unemployment compensation.) *See also Appleman v. Employment Division,* 21 Or App 186, 194, 534 P2d 218, *rev den* (1975). Christmas tree cultivation could also be construed to be outside the scope of farming as that term is used in the vernacular.

Defendant's arguments do not persuade us to depart from an interpretation by the administrative agency with expertise and experience in interpreting FLSA. The interpretation that Christmas tree growing is not an agricultural or horticultural enterprise "unless the operation is performed by a farmer or on a farm as incident to or in conjunction with his or its farming operations" is not clearly inconsistent with the definition of agriculture in 29 USC § 203(f). We cannot say that the Department of Labor "flagrantly abused" its authority by excluding Christmas tree cultivation from the definition of agriculture under the FLSA. *See Donovan v. Frezzo Bros., Inc., supra,* 678 F2d at 1170.

Motion to dismiss denied; reversed and remanded.

**ROSSMAN, J.,** dissenting.

The question raised here is: "When is a farm not a farm?" Relying on an administrative bulletin, the majority answers, "When it's a tree farm." The interpretation in that bulletin is directly at odds with the act's definition of agriculture as *"farming* in all its branches" including, among other things, "the production, cultivation, growing, and harvesting of *any* agricultural or horticultural commodities * * *." (Emphasis supplied.) 29 USC § 203(f). The court need not

defer to an administrative interpretation that provides no explanation for its departure from the clear statutory language. *See Skidmore v. Swift & Co.,* 323 US 134, 140, 65 S Ct 161, 89 L Ed 124 (1944). In doing so, the majority fails in its "independent responsibility of applying *ad hoc* the general terms of the statute * * *." *Kirschbaum Co. v. Walling,* 316 US 517, 523, 62 S Ct 1116, 86 L Ed 1638 (1942). Accordingly, I respectfully dissent.