LOUIS RATZEL, Respondent, v. NEW YORK NEWS PUBLISHING COMPANY, Appellant, Impleaded with IDA E. WOOD.

*Libel — the statement " a general careless manner of attending to our business " — it does not charge an employee with being unfit, unskilled and incompetent — notice that " Louis Ratzel is no longer in the employ " of a newspaper publishing company is not libelous.*

A circular sent by a newspaper publishing company throughout the advertising community, containing a notification of the discharge of a number of persons on the business staff of the newspaper, stating: " The reason of the change was a general careless manner of attending to our business. Their places will be filled with competent parties who will attend to our affairs in a more businesslike manner," is not open to the construction that it charged the discharged employees with being unfit, unskilled and incompetent in their trade and was consequently libelous as tending to injure them in their trade, business or calling.

A notice published in the newspaper conducted by the corporation, stating, "Louis Ratzel is no longer in the employ of the News Publishing Company, and has no connection whatever with the *Daily News*," is not libelous, as it is not only privileged but is the statement of a fact.

APPEAL by the defendant, the New York News Publishing Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of July, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling a demurrer to the complaint.

*Franklin Bartlett*, for the appellant.

*Arthur J. Stern*, for the respondent.

HATCH, J.:

The action is brought to recover damages for an alleged libel. The complaint is voluminous, but the point at issue is found in a very narrow compass. The first seven averments show that the defendant is a corporation and is the owner and publisher of certain newspapers, and that the defendant Wood is an officer of such corporation; that the plaintiff has been in the employ of the defendant publishing company and in charge of its advertising department; that he had acquired a good reputation in such connection among newspaper fraternities and others as a capable, competent advertising manager, skilled in the business and generally known as such.

The 8th paragraph of the complaint states that he was discharged from such employment without cause or provocation, and at the time of such discharge the defendant Wood stated, with intent to injure the plaintiff in his reputation, trade and business: "I'll make it uncomfortable and hot for you." This is followed by an innuendo that the defendant intended thereby to wrongfully and maliciously injure and hurt the plaintiff in his reputation, standing, trade and calling.

The 9th paragraph avers matter which it is claimed constitutes a libel. It is stated therein that the defendant published and circulated throughout the advertising community, and among certain named persons, a circular, which, so far as material, is in the following language:

"GENTLEMEN.—We wish to notify you that there has been a number of changes in the business staff of the *Daily News*. Mr. Louis Ratzel, chief clerk, and Mr. Lundy, solicitor, and others have been dispensed with. The reason of the change was a general careless manner of attending to our business. Their places will be filled with competent parties who will attend to our affairs in a more businesslike manner."

This circular was signed by the defendant Wood. The pleading avers, after setting out the circular: "Thereby meaning, intimating and insinuating and causing the aforesaid persons and people generally to believe, amongst the trade, calling and profession of advertising, that the plaintiff herein was unfitted, unskilled and incompetent in his trade or calling and in his business, and that the plaintiff was a careless person, unfitted, unskilled and incompetent to transact any and all business appertaining to and relating to the trade or calling of advertising."

The innuendo charges that the proper construction of the circular is that the plaintiff was unfitted, unskilled and incompetent, was a careless person, unfitted, unskilled and incompetent, and from this is deduced that the plaintiff was injured in his trade and calling, and that, therefore, the article was libelous. An examination of the circular shows that the charge was "a general careless manner of attending to our business." This does not state, either directly or by inference that the plaintiff was unfitted, unskilled or incompetent. He might be possessed of the highest degree of skill in his particular department, and still be careless in the performance of his duties. The averments of the complaint seek to show that the use of the words "careless manner" necessarily implied that the plaintiff was unfitted, unskilled and incompetent. On the contrary, such words are entirely consistent with the fact that the plaintiff was fitted, skilled and competent, and there is nothing either in the alleged libelous matter, or in the pleading itself, which can in any way be construed to mean that the defendant charged the plaintiff with being unfitted, unskilled or incompetent. Consequently there is nothing made to appear by the pleading upon which a libel may be founded, or that the use of these words injured the plaintiff in his trade, business or calling.

The matter which is averred in the other paragraphs of the com-

plaint are based upon a notice published in the *Daily News* and the New York *Sunday News*, and which reads as follows: "Louis Ratzel is no longer in the employ of the News Publishing Company, and has no connection whatever with the *Daily News*."

The defendant had the right to publish this notice and no extent of averment by way of innuendo can make it libelous. An employer has the right to publish a notice that a given individual has severed his connection with him and is no longer in his employ without incurring liability therefor.

Such a communication is not only privileged but is the statement of a fact and in no view is it libelous. He has the same right to notify his patrons that he has dispensed with the services of an employee and state the reasons therefor. Such communication is also privileged. (Townsh. Sland. & Lib. [4th ed.] § 209.) He may state the reasons therefor and be protected in so doing if founded in fact, and merely saying that the person is careless does not authorize the inference that he is unfitted, unskilled or incompetent, because such is not the charge, and innuendo cannot make it so. It is clear that limited to the language of the circular the complaint does not charge that the plaintiff's carelessness either made him unfitted, unskilled or incompetent. In consequence of which there is nothing shown that he was, or could be injured in his trade or business. Therefore, no libel is averred. The language used in the 8th paragraph, above quoted, is an allegation of slander if it be anything. The pleading, however, does not seek to recover damages based upon slander. This averment may be good as alleging malice in the publication, if that were libelous, but as it is not, the averment itself adds nothing to the strength of the complaint. It follows that the interlocutory judgment should be reversed, with costs, and judgment entered sustaining the demurrer, with costs, with leave to the plaintiff to plead over in twenty days on the payment of costs of this appeal and in the court below.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to plead over in twenty days on payment of costs in this court and in the court below.