Submitted on motion to dismiss appeal. Motion overruled February 24, argued on the merits March 24, affirmed May 1, 1925.

## W. L. LOWE *v*. W. W. BROWN.

(233 Pac. 272; 235 Pac. 395.)

**Appeal and Error—Amount Claimed in Complaint Held Determinative on Motion to Dismiss.**

1. Appeal from judgment in slander action, awarding plaintiff damages of $50, would not be dismissed under General Laws of 1923, page 216, where amount claimed in complaint was $5,000.

### ON THE MERITS.

**Libel and Slander—General Charge of Felony Actionable Per Se.**

2. A general charge of felony is actionable *per se*, even though no particular crime is specified.

---

1. See 2 R. C. L. 36.
2. See 17 R. C. L. 265.

**Libel and Slander—Complaint Held to State a Cause of Action for Slander for Accusing Plaintiff of Stealing Sheep.**

3. Complaint in slander, alleging that defendant stated that "it is my opinion that" plaintiff "is a thief," and "he is stealing my sheep," *held* to state a cause of action for slander, since such language charged plaintiff with a felony under Section 1950, Or. L., and was actionable, even though words "in my opinion" were used.

**Libel and Slander—Case Submitted to Jury Where Part of Alleged Defamatory Statements Proved Amount to Cause of Action.**

4. Where plaintiff in slander action has proved only part of charge averred against defendant, but part proved amounts to a cause of action, plaintiff will be permitted to have case submitted to jury.

**Libel and Slander—Amendment of Complaint to Conform to Proof as to Words Actually Spoken by Defendant Held Proper.**

5. Where original complaint in slander alleged that defendant stated plaintiff "is a thief," but proof showed that defendant stated that "it is my opinion that" plaintiff "is a thief," *held* that under Section 102, Or. L., court properly permitted plaintiff to amend his complaint to conform thereto.

**Libel and Slander—Proof as to Injurious Effect of Defamatory Statements on Plaintiff's Reputation Among Merchants of Community Held Properly Admitted.**

6. In action for slander for accusing plaintiff of stealing defendant's sheep, evidence as to injurious effect that defamatory statement had on plaintiff's reputation among merchants of community was properly admitted.

**Witnesses—Plaintiff in Slander Action Competent Witness in His Own Behalf.**

7. Plaintiff in slander action was a competent witness in his own behalf, and fact that he offered his own testimony, instead of that of other witnesses, goes to weight of testimony and not to its competency.

**Libel and Slander — In Slander Action Based on Accusation of Sheep-stealing, Evidence of Loss of Sheep not Connected With Plaintiff was Properly Excluded.**

8. In slander action based on alleged statements of defendant accusing plaintiff of stealing sheep, evidence as to loss of sheep in no way connected with plaintiff was properly excluded.

**Trial—Instruction not Based on Evidence Properly Refused.**

9. In slander action, though defendant's requested instruction that those connected directly or indirectly with commission of

---

3. What words are libelous *per se*, see notes in 1 **Am. Dec.** 448; 12 **Am. Dec.** 39; 41 **Am. Rep.** 590; 116 **Am. St. Rep.** 802. See, also, 17 **R. C. L.** 272.

4. See 17 **R. C. L.** 421.

5. See 17 **R. C. L.** 392.

6. See 17 **R. C. L.** 404.

7. See 28 **R. C. L.** 477.

8. See 17 **R. C. L.** 403.

9. See 14 **R. C. L.** 786.

crime were equally guilty with principal was correct as an abstract proposition of law, it was properly refused, where there was no evidence of commission of crime and of plaintiff's participation therein.

See (1) 36 **C. J.** 1162. (2) 36 **C. J.** 1207, 1208. (3) 37 **C. J.** 55. (4) 37 **C. J.** 52. (5) 37 **C. J.** 93. (6) 40 **Cyc.** 2258. (7) 37 **C. J.** 69. (8) 38 **Cyc.** 1619; 3 **C. J.** 398.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

This was an action for slander in which it was alleged that the defendant had said concerning the plaintiff, "It is my opinion that W. L. Lowe is a thief. He is stealing my sheep." There was a prayer for damages in the sum of $5,000. Defendant answered, denying the utterance of the words imputed to him, but admitting that he had said, "In my opinion W. L. Lowe was implicated with others stealing my sheep." There was a further answer in justification and practically a plea of mitigation of damages. Plaintiff recovered a judgment in the lower court in the sum of $50 and costs and defendant appealed.

MOTION TO DISMISS OVERRULED.

For the motion, *Mr. H. V. Schmalz.*

*Contra, Mr. Willard H. Wirtz.*

McBRIDE, C. J.—1. Respondent moves to dismiss this appeal upon the ground that the sum in controversy, pursuant to the judgment, is only $50, and cites the concluding portion of Chapter 153, General Laws of Oregon for 1923, which citation is as follows:

" * * No appeal to the supreme court shall be taken or allowed in any action for the recovery of

money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

It will be seen that this section does not make the amount of a judgment recovered the criterion for a dismissal, but the amount involved in the pleadings. In this case it is clear that the amount involved was the amount claimed in the complaint, namely $5,000. Plaintiff, by his complaint, said, "Defendant slandered me and by reason of such slander I am damaged in the sum of $5,000." Defendant answered, "I did not slander you." Therefore the trial involved two issues: first, whether the slander was uttered, and, second, the damage. The amount in controversy was clearly $5,000, and this is the holding of this court in the case of *Libby* v. *Southern Pac. Co.,* 109 Or. 449 (219 Pac. 604, 220 Pac. 1017), which was an action for damages by reason of a railroad accident. The plaintiff in that case claimed $250 and recovered a judgment. In the course of the opinion, Mr. Justice BURNETT, speaking for the court, said:

"The amount in controversy in this action is $250 and not in excess thereof. This is settled by the amount of the judgment demanded in the complaint: *Troy* v. *Hallgarth,* 35 Or. 162 (57 Pac. 374); *Ferguson* v. *Beyers,* 40 Or. 468 (67 Pac. 1115, 69 Pac. 32). The plaintiff contends for $250. The defendant controverts this demand and hence, that is the amount in controversy." 109 Or. 451 (119 Pac. 605).

The statute clearly settles the case against the contention of respondent on this motion, and, as shown, this has been the holding of the court in the case above cited.

The motion to dismiss is overruled.

MOTION TO DISMISS OVERRULED.

### On the Merits.

This is an action for defamation of character. W. W. Brown, the defendant, upon divers occasions declared that W. L. Lowe, plaintiff herein, was a sheep thief. Lowe, seeking vindication, brought this action to recover damages for injuries or supposed injuries sustained by him because of the alleged slanderous imputation uttered by Brown. The complaint avers, among other things, that in the presence of others the defendant spoke the following words: "W. L. Lowe is a thief. He is stealing my sheep." Upon the trial, most of plaintiff's witnesses testified that the defendant said: "It is my opinion that W. L. Lowe is a thief. He is stealing my sheep." The defendant, in his answer, seeking to justify his accusation, averred that the plaintiff had conspired with others and actually did assist in driving away a band of sheep belonging to defendant and another; and, on the trial of the cause, the defendant offered evidence for the purpose of supporting his averments of justification. The trial resulted in a judgment for plaintiff in the sum of $50. The defendant appeals.          Affirmed.

For appellant there was a brief and oral argument by *Mr. Willard H. Wirtz.*

For respondent there was a brief and oral argument by *Mr. H. V. Schmalz.*

BROWN, J. — 2, 3. The defendant attacks the amended complaint as not stating a cause of action. The original complaint sets forth the charge that Brown slandered Lowe by saying to others, "W. L. Lowe is a thief," and, "He is stealing my sheep." In the amended complaint, the defamatory matter

consists of the indefinite charge that, "It is my opinion that W. L. Lowe is a thief," and the definite charge, "He is stealing my sheep." In each complaint is the definite charge that Brown slandered Lowe by designating him as a stealer of sheep.

A charge of being a thief, or of having committed the crime of larceny, is not the less actionable because made indirectly: Townshend on Slander and Libel (4 ed.), p. 180; 17 R. C. L., p. 314; 18 Am. & Eng. Ency. of Law (2 ed.), pp. 885, 886; 36 C. J. 1161, 1162.

"To say, 'There is strong reason to believe,' or, 'There is a rumor,' or, 'If report be true,' a certain fact occurred, is equivalent to an allegation that such fact occurred." Townshend on Slander and Libel (4 ed.), p. 153.

Again: Maliciously to state, "I believe he stole money," is actionable: 17 R. C. L., p. 272.

A general charge of felony is actionable *per se,* even though no particular crime is specified: Newell on Defamation, Slander and Libel, p. 111.

Now, turning to the direct charge: Brown said of and concerning Lowe, "He is stealing my sheep." The natural and obvious import of the word "steal," as used herein, is a felonious taking of property: *Dunnell* v. *Fiske,* 11 Met. (Mass.) 551.

In this state a sheep thief is a felon: Or. L., Section 1950.

"Larceny of goods is an offense against the right to acquire and hold. It strikes at the foundation of society. And so odious has it been deemed in all ages of the world that it has been, until modern times, almost universally punished with death. The word 'thief' has become an opprobrious epithet, which needs no innuendo to explain its meaning—a term of reproach. The person who has so little regard for the rights of others as to be guilty of this

offense must be regarded as an outlaw." Newell on Defamation, Slander and Libel, § 47.

The amended complaint states a cause of action.

In support of his motion for nonsuit the defendant again asserts that, because of the use of the words "in my opinion," the language in question is not actionable. On this proposition, in addition to the authorities hereinbefore cited, we quote the following from the leading case of *Logan* v. *Steele*, 1 Bibb (Ky.), 593 (4 Am. Dec. 659–661):

"Were such an objection to be sustained to an action for slanderous words, it would be easy for one who designed to injure the character of another to effect his malicious purpose without incurring any responsibility. By circulating the slander, clothed in expressions of opinion or belief, he might destroy the fairest reputation with impunity. But the law will not permit an injury done to character to be without remedy by such an artifice as this. Whatever may be the mode of expression used, if an assertion of guilt is implied or intended, the words will be actionable."

Recurring to the allegation of the complaint as to defendant's charge that "He is stealing my sheep":

4. There is much authority to the effect that where the plaintiff has proved only a part of the charge averred against the defendant, yet, if the part proved amounts to a cause of action, he ought to be permitted to have the case submitted to the jury.

5. The defendant complains not only because of the court's denial of his motion for nonsuit, but because of an order permitting the plaintiff to amend his pleading to conform to the proof.

That there was some difference between the allegations in the complaint and the evidence adduced in support thereof is true. The rule in such cases

is clearly stated in a recent valuable work entitled
"Law and Practice of Libel and Slander in a Civil
Action," by Clement Gatley, wherein it is written,
at pages 594, 595:

"In actions of slander, * * the words proved to
have been published may turn out to be different
from, less than, or more than, those set out in the
statement of claim. In any such cases, if the words
proved convey to the mind of a reasonable man
practically the same meaning as the words set out,
the variance will be immaterial. 'The strictness of
the old rule in reference to variance between proof
and pleading in actions of libel and slander has long
ago disappeared. It is still necessary to plead the
exact language complained of, but proof of language
substantially the same as that pleaded is admissible
and should be submitted to the jury.' But if the
words proved materially alter or qualify the sense
of those set out in the statement of claim, the vari-
ance will be fatal to the plaintiff's success, unless he
can * * amend."

To amend is precisely what the plaintiff did in
the instant case. That the court was empowered to
make the order to amend is beyond question: Or. L.,
§ 102.

6. For the purpose of proving the effect of the
alleged slander on the reputation of the plaintiff,
the court permitted him, over the objection of the
defendant, to give evidence of the injurious effect
of the defamatory matter upon his reputation among
the merchants of Burns. Such evidence was com-
petent. From a discussion of cases of this char-
acter, found in 8 Ency. of Ev., at page 250, we
quote:

"The plaintiff may show the effect of the defama-
tory publication upon his reputation, and for this
purpose it is competent to show the conduct and

114 Or.—28

attitude of the plaintiff's friends and acquaintances toward him before and after the publication."

7. Plaintiff was a competent witness in his own behalf, and the fact that he offered his own testimony instead of that of other witnesses goes to the weight of the testimony, and not to its competency.

8. Neither did the court err in rejecting testimony proffered by one Murphy relating to the loss of sheep in no way connected with Lowe.

9. The defendant says that the most grievous error of the court consists in its refusal to give the following requested instruction:

"In this connection, I want also to advise you that all persons concerned in the commission of a crime in this state, whether they directly commit the act constituting the crime or merely aid and assist or abet in its commission though not present, are equally guilty with the principal."

As an abstract proposition of law, the requested instruction is proper. To warrant such an instruction, however, it would be necessary for the record to disclose some evidence of the commission of a crime and of the plaintiff's participation therein. We find no such evidence: *Morris* v. *Perkins,* 6 Or. 350; *Miami Quarry Co.* v. *Seaborg Packing Co.,* 103 Or. 362 (204 Pac. 492).

The law has long regarded a good name as a thing of great value. It has been written that—

"The law of defamation is of much importance. The right to the enjoyment of private reputation unassailed is of ancient origin and necessary to human society. It is as much a constitutional right as the possession of life, liberty or property, and it is within the constitutional guaranty of personal security." 36 C. J., pp. 1148, 1149.

For an historical review of the law of defamation, see the first edition of Newell on Defamation, Libel and Slander. As to its antiquity, see the first sections of Code of Hammurabi, King of Babylonia, printed in Vol. I, Great Events of Famous Historians, at page 17.

We have examined all of defendant's assignments of error, and find no reason for reversing this case.

The judgment is affirmed.      AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.