Argued and submitted July 16, affirmed in part,
reversed in part and remanded September 22, 1980

NEWTON,
*Respondent,*

*v.*

FAMILY FEDERAL SAVINGS AND
LOAN ASSOCIATION, et al,
*Appellants.*

(No. 23243, CA No. 13045)

616 P2d 1213

Ridgway K. Foley, Jr. Portland, argued the cause for appellants. With him on the briefs were Schwabe, Williamson, Wyatt, Moore & Roberts and James B. O'Hanlon, Portland, and John A. Bryan and Sherman, Bryan & Sherman, Salem.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Brown, Burt, Swanson & Lathen, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought an action seeking both general and punitive damages for defamation and the jury's verdict awarded him both. Defendants appeal from the judgment entered pursuant to that verdict.

During 1975, plaintiff was serving as president, manager and director of defendant Family Federal Savings and Loan Association. The individual defendants were serving as corporate directors. On July 21, 1975, at a special meeting of the board of directors, the board requested plaintiff's resignation. He resigned the following day. On July 24, a newspaper reporter for the *Oregon Statesman* talked with the plaintiff and with defendant Dalton regarding the resignation. On July 25, the *Oregon Statesman* published an article, the lead paragraph of which is the basis of this suit:

> "The board of directors of the six-branch Family Federal Savings & Loan Association has forced Thomas Newton out of his position as the association's president, charging that he is 'administratively incapable.' "

■　　　One of defendants' assignments of error is that the trial court erred in awarding plaintiff a judgment for punitive damages. After the judgment was entered, the Supreme Court decided *Wheeler v. Green,* 286 Or 99, 593 P2d 777 (1979), holding that awarding punitive damages in defamation cases violated Art I, § 10 of the Oregon Constitution. We, therefore, reverse the judgment for punitive damages.

■　　　Another of defendants' assignments of error challenges an instruction given by the trial court. No exception to the instruction was taken upon the trial. Former ORS 17.510 (now Oregon Rules of Civil Procedure 59H) provides that "* * *no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it * * *." *See also, Harley-Davidson v. Markley,* 279 Or 361, 568 P2d 1359 (1977). We will not consider the claimed error.

The quoted paragraph from the newspaper article was set out in plaintiff's complaint. Defendants remaining assignments of error are that the cause should not have been submitted to the jury because the quoted language is not capable of a defamatory meaning. In effect what defendants are saying is that the complaint based on this language does not state a cause of action and their assignment of error constitutes a demurrer to that complaint.

■ ■    A demurrer may be interposed for the first time on appeal. *Shires v. Cobb,* 271 Or 769, 534 P2d 188 (1975) and *Page v. Cameron,* 33 Or App 441, 576 P2d 837 (1978). When a defendant demurs for the first time on appeal, however, the complaint will be construed liberally in favor of the plaintiff. *Collins v. Fitzwater,* 277 Or 401, 560 P2d 1074 (1977); *Sherrod v. Holzshuh,* 274 Or 327, 546 P2d 470 (1976).

We turn then to consideration of whether the complaint in this case states facts sufficient to constitute a cause of action or, as stated by the defendants, whether the newspaper language quoted in the complaint is capable of a defamatory meaning. We hold that it is.

■    A defamatory communication is one which would subject a person to hatred, contempt or ridicule or tend to diminish the esteem, respect, goodwill or confidence in which one is held or to excite adverse, derogatory or unpleasant feelings or opinions against one. *Farnsworth v. Hyde,* 266 Or 236, 512 P2d 1003 (1973). An oral slanderous statement made to a newspaper reporter, which is then published, is a libel. Restatement (Second) of Torts, § 568, Comment f (1977). A libel is defamatory *per se. Hinkle v. Alexander,* 244 Or 267, 272, 417 P2d 586 (1966), Restatement (Second) of Torts, § 569 (1977). A slander imputing unfitness to perform the duties of one's employment is actionable *per se. Cook v. Safeway Stores, Inc.,* 266 Or 77, 511 P2d 375 (1973), Restatement (Second) of Torts, § 573 (1977).

█    In accordance with these authorities we hold that the quoted paragraph is capable of a defamatory meaning and, therefore, plaintiff's complaint did state facts sufficient to constitute a cause of action for defamation. The trial court committed no error in submitting the case to the jury. We affirm the judgment for general damages and reverse the judgment for punitive damages.

Affirmed in part, reversed in part and remanded.