Argued and submitted June 15, reversed and
remanded December 7, 1983, reconsideration denied January 27,
petition for review denied February 15, 1984 (296 Or 486)

# BOCK,
*Appellant,*

*v.*

# ZITTENFIELD,
*Respondent.*

## (A 82-03-01355; CA A26560)

672 P2d 1237

Wayne Mackeson, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

Gary J. Zimmer, Portland, argued the cause for respondent. With him on the brief was Kennedy, King, Zimmer & O'Malley, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

Van Hoomissen, J., dissenting.

**NEWMAN, J.**

Plaintiff appeals from a judgment dismissing his complaint for malpractice against defendant, who was his attorney in an earlier defamation action against KOIN-TV, Inc. (KOIN) and its news director, Ted Bryant. Plaintiff, a television news reporter for KOIN, was discharged. He pleaded as a first claim in his defamation action that Bryant, his supervisor, had told a newspaper reporter that KOIN had discharged him because of "Just unsatisfactory coverage over this last weekend on top of another instance of the same thing." In his second claim in the complaint, plaintiff pleaded that Bryant had also told another newspaper reporter, "He simply didn't perform his job as far as his responsibility for covering the news is concerned." Plaintiff pleaded that Bryant's statements were made with malice.

KOIN and Bryant moved to dismiss the defamation complaint on the ground that the statements were, as a matter of law, incapable of defamatory meaning. The trial court granted the motion to dismiss under ORCP 21A(8) and entered judgment for the defendants. Plaintiff's then attorney, defendant here, filed a notice of appeal, which was dismissed as untimely. Plaintiff then brought this malpractice action because of defendant's late filing. Defendant moved to dismiss the complaint pursuant to ORCP 21A(8), asserting that the statements Bryant made were incapable, as a matter of law, of defamatory meaning and, therefore, that plaintiff's appeal, even if it had been timely filed, would have been unsuccessful. The trial court granted defendant's motion to dismiss and entered judgment for defendant. Plaintiff appeals. We reverse.

If the appeal of the defamation action would have been unsuccessful even if it had been timely filed, defendant's alleged malpractice caused plaintiff no harm. Whether the late appeal would have been successful had it been timely filed is a question of law. *St. Paul Fire and Marine Insurance v. Speerstra*, 63 Or App 533, 666 P2d 255 (1983). Whether plaintiff suffered harm, therefore, because of defendant's alleged malpractice turns initially on whether either statement made by Bryant is, as a matter of law, capable of a defamatory meaning. *See Beecher v. Montgomery Ward & Co.*,

267 Or 496, 517 P2d 667 (1973); *Cushman v. L. B. Day,* 43 Or App 123, 126, 602 P2d 327 (1979), *rev den* 288 Or 571 (1980).

■■ A statement is capable of defamatory meaning if it "would subject a person to hatred, contempt or ridicule, or tend to diminish the esteem, respect, goodwill, or confidence in which one is held, or to excite adverse, derogatory or unpleasant feelings or opinions against one." *Farnsworth v. Hyde,* 266 Or 236, 512 P2d 1003 (1973); *Newton v. Family Federal Savings & Loan,* 48 Or App 373, 616 P2d 1213 (1980). A statement falsely ascribing to a person characteristics or conduct that would adversely affect his fitness for his occupation or profession is capable of having a defamatory meaning. *See Benassi v. Georgia Pacific,* 62 Or App 698, 662 P2d 760 (1983). Even a single act may be actionable if "the act fairly implies an habitual course of similar conduct, or the want of the qualities or skill that the public is reasonably entitled to expect of persons engaged in such a calling." Restatement (Second) of Torts § 573, comment *d.*

Bryant's first statement—that plaintiff was terminated for "Just unsatisfactory coverage over this weekend on top of another instance of the same thing"—criticizes plaintiff's work on two occasions. His second comment— "He simply didn't perform his job as far as his responsibility for covering the news is concerned"—is a more general criticism of defendant's work. A jury could find in each statement an implication, not merely that plaintiff failed to perform in an isolated case, but that he lacked the qualities of skill and competence normally expected in a news reporter.

Earlier decisions in defamation actions brought by discharged employes support the conclusion that Bryant's statements are capable of defamatory meaning. In *Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1205 (1977), the plaintiff had been fired by the defendant and subsequently obtained employment with another trucking firm. The manager of the plaintiff's new employer asked the manager if he thought the plaintiff had the potential to be a supervisor. The defendant's manager replied:

> "I told him I wouldn't hire him as a supervisor for Consolidated Freightways."

When asked why the plaintiff had been fired, the manager said that:

"I felt that the entire work record of [plaintiff] in the last — you know, from what had been told to me, based upon his agitation on the dock among the causals, and the fact that I felt that possibly that he had called O.S.H.A. as a retaliatory measure because we quit using him.

"* * * * *

"I felt that he was not the type of an individual who would fit in a supervisory capacity." 278 Or at 354.

The court said:

"We have no doubt that the comments described above could have been understood to be defamatory. *See, e.g.,* 3 Restatement of Torts 139, § 558 (1938). W. Prosser, The Law of Torts § 111 (1971). The statements impugned plaintiff's work record." 278 Or at 355.

In *Newton v. Family Federal Savings & Loan, supra,* we rejected the defendant's contention that a statement was not capable of defamatory meaning. The plaintiff had been discharged by the defendant and a statement, attributed to the defendant, was published in a newspaper article that the plaintiff had been discharged because he was "administratively incapable." We explained:

"* * * An oral slanderous statement made to a newspaper reporter, which is then published, is a libel. Restatement (Second) of Torts, § 468, Comment *f* (1977). A libel is defamatory *per se.* * * * A slander imputing unfitness to perform the duties of one's employment is actionable *per se.* * * *" 48 Or App at 376. (Citations omitted.)

Defendant argues, however, that each statement, as a matter of law, is not capable of a defamatory meaning because it is a statement of opinion. We disagree. The determination of whether an assertion constitutes a fact or an opinion is a question of law for the court. *See Rinaldi v. Holt, Rinehart & Winston,* 42 NY 2d 369, 381, 397 NYS 2d 943, 366 NE2d 1299, *cert den* 434 US 969 (1977); *accord Bucher v. Roberts,* 198 Colo 1, 595 P2d 239, 241 (1979); *Gregory v. McDonnell Douglas Corp.,* 17 Cal3d 596, 601, 131 Cal Rptr 641, 552 P2d 425 (1976). Furthermore, a statement may still, as a matter of law, be capable of a defamatory meaning even if the maker prefaces it with the words "in my opinion." *See Lowe v. Brown,* 114 Or 426, 233 P 272, 235 P 395 (1925); *see also Information Control v. Genesis 1 Computer Corp.,* 611 F2d 781 (9th Cir 1980).

Here Bryant's statements are each statements of mixed fact and opinion:

"* * * There are two kinds of expression of opinion.

"* * * * *

"The second kind of expression of opinion, or the mixed type, is one which, while an opinion in form or context, is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication. Here the expression of the opinion gives rise to the inference that there are undisclosed facts that justify the forming of the opinion expressed by the defendant. * * *

"* * * * *

"* * * [I]f the recipient draws the reasonable conclusion that the derogatory opinion expressed in the comment must have been based on undisclosed defamatory facts, the defendant is subject to liability. * * *" Restatement (Second) of Torts, § 566 (1981).

■　　On the facts pleaded we find that the recipients could reasonably have concluded that each of Bryant's statements was based on undisclosed defamatory facts. The statements, therefore, are capable of a defamatory meaning as a matter of law. *See also Adler v. American Standard Corp.,* 538 F Supp 572 (D Md 1982).[1]

---

[1] In *Adler,* the plaintiff's employer published statements that "this termination is for unsatisfactory performance." The defendant moved to dismiss the amended complaint, claiming that the statements were of opinion, that "unsatisfactory performance" was too vague to be proven true or false and that, consequently, the statements could not be defamatory. The court held that the statements were based on undisclosed defamatory facts, that the reasonable implication of the statements was that the plaintiff was guilty of some "misconduct, negligence or incompetence" in the performance of his duties and that the statements were capable of a defamatory meaning.

"It is correct that expression of a pure opinion cannot be the basis of a defamation action. But there is a distinction between simple opinions and expressions of opinion which indicate that they are based on undisclosed facts. As to the latter, 'if the recipient draws the reasonable conclusion that the derogatory opinion expressed in the comment must have been based on undisclosed defamatory facts, the defendant is subject to liability.' 3 Restatement (Second) of Torts, § 566, Comment (c) at 173 (1977). * * *

"The Restatement distinction also disposes of defendant's objection on grounds of vagueness. The reasonable implication from the allegedly defamatory statements is that plaintiff was guilty of some misconduct, negligence or incompetence in the performance of his duties." 538 F Supp at 576.

■ On the basis of the procedural posture of the defamation action as it came from the trial court, we hold that the appeal would have been successful had it been timely filed and proceeded to a decision on the merits. The trial court erred in this case by dismissing plaintiff's malpractice action.[2]

Reversed and remanded.

**VAN HOOMISSEN, J.,** dissenting.

The underlying defamation case here was dismissed for failure to state a claim. ORCP 21A(8). Plaintiff's appeal from that judgment was dismissed as untimely. Plaintiff then filed this malpractice action against his former attorney for not timely filing his appeal. A different judge dismissed this action for failure to state a claim after finding

"* * * that the trial court correctly dismissed the underlying case of *Bock v. KOIN TV., Inc., et al,* for the reason that the statements alleged as the basis of the claim for defamation in the *Bock v. KOIN TV* case were not, as a matter of law, capable of a defamatory meaning, and therefore, plaintiff has failed to state a claim for relief against defendant herein."

I would hold that the rulings of the two circuit judges were correct. As a matter of law, Bryant's statements were mere statements of opinion. They were not defamatory. *See Gertz v. Welch,* 418 US 323, 94 S Ct 2997, 41 L Ed 2d 789 (1974); *Cushman v. Day,* 43 Or App 123, 126, 602 P2d 327 (1979); *see also Cole v. Westinghouse Broadcasting Co.,* 386 Mass 303, 435 NE2d 1021, *cert den* 459 US 1037 (1982).

Additionally, Bryant's statements were not defamatory, because they did not impugn plaintiff's overall skill, fitness or competence to perform his trade or profession. *See Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1205 (1977); *Newton v. Family Federal Savings & Loan,* 48 Or App 373, 616 P2d 1213 (1980); *see also Ratzel v. New York News Publishing Co.,* 73 NYS 849, 67 App Div 598 (1902). Both

---

[2] In subsequent proceedings, defendant may be able to show that Bryant's statements were made in such a context that they may still be protected as opinions. *See Information Control v. Genesis 1 Computer Corp., supra; Gregory v. McDonnell Douglas Corp., supra.* The trier of fact must still find that the statements were understood by recipients to have a defamatory meaning and that the undisclosed facts were false before defendant's failure to file a timely appeal may be found to have caused plaintiff harm. Restatement (Second) of Torts §566, comment *c* at 364, comment *d* at 366 (1981).

*Walsh* and *Newton* are relied on by the majority; however, those cases are clearly distinguishable on their facts.

As a matter of law, plaintiff's appeal in the underlying defamation action would have been unsuccessful. Therefore, defendant's alleged malpractice caused plaintiff no harm.

I respectfully dissent.