Argued and submitted April 14, affirmed September 10, reconsideration denied October 31, 1986, petition for review allowed January 6, 1987 (302 Or 476)

SHIRLEY,
*Appellant,*

*v.*

FREUNSCHT et al,
*Respondents.*

(83-2886-J-2; CA A34619)

724 P2d 907

William F. Frye, Eugene, argued the cause for appellant. With him on the brief was Frye & Veralrud, Eugene.

John F. Kilcullen, Eugene, argued the cause for respondent T. Daniel Freunscht. With him on the brief were Patrick Ford, Medford, William E. Flinn and Flinn, Brown & Roseta, Eugene.

Patrick Ford, Medford, argued the cause for respondent New York Life Insurance Company. With him on the brief were John F. Kilcullen, William E. Flinn and Flinn, Brown & Roseta, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Plaintiff is a former salesman for defendant New York Life Insurance Company (New York Life). He brought this action to recover damages for allegedly defamatory statements defendant Freunscht, also a New York Life agent, made about plaintiff to his clients and others after plaintiff had left the company. He appeals from an adverse jury verdict. We affirm.

Plaintiff worked for New York Life in Medford from August, 1981, through May, 1983. After he left, Freunscht received a number of plaintiff's clients as "orphan leads"—that is, New York Life policy holders and prospective policy holders who were without an active agent. He made the allegedly defamatory statements while talking with those clients. In the statements he accused plaintiff of misrepresenting policies, giving rebates and other dishonest or unethical activities.

Defendants did not seriously dispute that Freunscht made the statements or that they were defamatory. Rather, their defense was the truth of many of the statements and a qualified privilege as to those statements which may not have been true. We deal first with plaintiff's assignments on these issues.

Plaintiff assigns as error the court's refusal to rule as a matter of law that defendants did not have a qualified privilege for Freunscht's statements. Statements are qualifiedly privileged if they are made to protect the interests of the person making them or the interests of the person's employer, or if they are on a subject of mutual concern to the person and to those to whom he or she made the statements. *Wattenberg v. United Medical Lab.*, 269 Or 377, 380, 525 P2d 113 (1974). There is evidence in the record from which the jury could find that Freunscht's purpose in making the statements was to protect New York Life's reputation with plaintiff's former clients, to keep them as New York Life customers and to explain why plaintiff's proposals were not right for their individual situations. That evidence was sufficient to prevent the court from ruling as a matter of law that the statements were not qualifiedly privileged. Plaintiff presented evidence to rebut or refute the existence of the privilege, but the weight of that evidence was for the jury.[1]

■ Plaintiff next assigns as error the court's instruction that defendants could establish their defense of truth without showing the literal truth of Freunscht's statements. The court instructed: "There is no liability if the statement is substantially true or if defendants are able to justify the gist, the sting, or the substantial truth of the statement." Plaintiff asserts that that instruction allowed the jury to find against him on the issue of liability if the jurors thought that plaintiff deserved what he got. The point of the instruction is that defendants could establish the defense by showing that the sense of the statements—the part which "stings" plaintiff—is true, even if not all of the details are literally correct. That is a common and unobjectionable way of explaining the defense of substantial truth to the jury. *See* Prosser and Keeton, *Torts* 842, § 116 (5th ed 1984). We turn to the evidentiary issues which plaintiff raises.

■ A number of defendants' witnesses testified that plaintiff's business reputation was bad and that he had engaged in a variety of acts of business misconduct, none of which was directly related to the charges in Freunscht's statements. Plaintiff argues that the testimony was both inadmissible and extremely prejudicial.

Under OEC 404 and OEC 405, the evidence was admissible. OEC 404(1) provides:

> "Evidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense."

The legislative commentary notes that the character of the plaintiff in an action for defamation is an example of when a person's character is in issue. In addition, plaintiff sought

---

[1] Plaintiff argues that the question of qualified privilege was for the court and that the court erred by submitting it to the jury. The court followed the Supreme Court's suggestion in *Schafroth v. Baker,* 276 Or 39, 46, 553 P2d 1046 (1976). Even if its action was erroneous, *see Worley v. OPS,* 69 Or App 241, 247 n 3, 686 P2d 404, *rev den* 298 Or 334 (1984), the error did not prejudice plaintiff. Given the evidence in this case, the court could only have instructed the jury that defendants *were* entitled to a qualified privilege. If the court had decided the issue of qualified privilege as a matter of law, the only issue remaining for the jury would have been whether defendants had abused the privilege. By allowing the jury also to determine whether there was a qualified privilege, the court gave plaintiff the most that the evidence permitted.

damages for harm to his business reputation. Defendants could reduce the damages by showing that plaintiff's reputation was poor before Freunscht made the statements. His reputation was thus an essential element of his claim and of the defense, and defendants were free to present evidence concerning it.

■     The OEC establishes the methods of proving character when evidence of character is admissible. OEC 405(2)(a) provides:

> "In cases in which character or a trait of character of a person is admissible under [OEC 404(1)], proof may also be made of specific instances of the conduct of the person."

Because evidence of plaintiff's business character was admissible under OEC 404(1), defendants could prove his poor business reputation by specific instances of conduct, including instances unrelated to the content of the allegedly defamatory statements. The court still could have excluded the evidence as unfairly prejudicial under OEC 403. However, assuming that plaintiff properly raised the issue, we cannot say that the court acted beyond the range of its discretion in admitting the evidence.

■■     Plaintiff objected to certain evidence offered in mitigation of damages on the ground that a defendant must plead mitigation. Plaintiff is incorrect. ORCP 20E(2)[2] *permits* a defendant in a defamation action to allege both the truth of the statements and mitigating circumstances and to give evidence of the mitigating circumstances, whether or not the defendant proves the justification. That provision has been part of Oregon law since the Deady Code of 1862. *General Laws of Oregon,* Civ Code § 89 (1864). Its purpose is to avoid the common law rule by which an unsuccessful attempt to justify a defamatory statement could be considered proof of malice and thereby increase the plaintiff's damages. *See Upton v. Hume,* 24 Or 420, 436-437, 33 P 810 (1893); *see also* Prosser and Keeton, *supra,* 842, § 116. It does not establish

---

[2] ORCP 20E(2) provides:

"In the answer, the defendant may allege both the truth of the matter charged as defamation and any mitigating circumstances, to reduce the amount of damages, and whether the defendant proves the justification or not, the defendant may give in evidence the mitigating circumstances."

mitigation as an affirmative defense but simply permits the defendant to allege both justification and mitigation without fear that failure to prove justification will destroy the ability to prove mitigation. The court properly admitted defendants' mitigation evidence.

■ Finally, plaintiff attacks the admission in evidence of a prior inconsistent statement by plaintiff's wife to impeach her testimony, on the ground that defendants failed to lay the proper foundation. Even if admission of the statement was erroneous, the error does not justify reversal in the light of all of the evidence in the case. Or Const, Art VII (amended), § 3; OEC 103(1).

Affirmed.