Argued and submitted March 3, reversed and remanded April 14, 1987

SHIRLEY,
*Petitioner on Review,*

*v.*

FREUNSCHT et al,
*Respondents on Review.*

(83-2886-J-2; CA A34619; SC S33343)

735 P2d 600

William F. Frye, Eugene, argued the cause for petitioner on review. With him on the petition was Frye & Veralrud, P.C., Eugene.

John F. Kilcullen, of Flinn, Brown & Roseta, Eugene, argued the cause for respondent on review T. Daniel Freunscht.

Patrick Ford, Medford, argued the cause for respondent on review New York Life Insurance Company.

GILLETTE, J.

## GILLETTE, J.

This is a defamation case. The primary issue is whether defendants may introduce evidence of specific instances of plaintiff's allegedly improper conduct to demonstrate that his reputation was not damaged by the alleged defamation. The Court of Appeals concluded that the evidence was admissible under OEC 404 and 405. *Shirley v. Freunscht,* 81 Or App 221, 724 P2d 907 (1986). We reverse.

From August, 1981, through May, 1983, plaintiff worked as an insurance agent for defendant New York Life Insurance Company. When plaintiff left the company, many of his clients were reassigned to defendant Freunscht, another New York Life agent. Freunscht told some of plaintiff's former clients that plaintiff had misrepresented policies, improperly given rebates and engaged in other dishonest or unethical practices.

Plaintiff brought this action for defamation based on Freunscht's statements. Defendants relied on the defenses of truth and qualified privilege. In addition, they sought to lessen damages by demonstrating that plaintiff had a bad business reputation prior to the alleged defamatory statements. To that end, defendants called two witnesses who testified on direct examination that, in their opinion, plaintiff's business character was poor. When asked for the bases for their opinions, both witnesses related, over plaintiff's objection, specific instances of business misconduct, none of which was relevant to defendants' truth defense because none was related to the charges in Freunscht's statements.

The Court of Appeals concluded that the evidence of plaintiff's specific acts was admissible under OEC 404 and 405. It therefore affirmed a jury verdict adverse to plaintiff. We allowed review to address questions of the scope, coverage and interrelationship of OEC 404 and 405.

OEC 404(1) provides:

"Evidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense."

OEC 405 provides, in pertinent part:

"(1)     In all cases in which evidence of character or a

trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

"(2)(a)   In cases in which character or a trait of character of a person is admissible under [OEC 404(1)], proof may also be made of specific instances of the conduct of the person."

The issue in this case is whether evidence of plaintiff's "character or a trait of character * * * is admissible under [OEC 404(1)]."

The legislative commentary[1] to OEC 404(1) states:

"Questions concerning a person's character may arise in fundamentally different ways. One is when character itself is an element of a crime, claim or defense. Here the nature of the actions puts 'character in issue.' If a person's possession of a character trait determines the legal rights and liabilities of the parties, and if that trait has been put in issue by the pleadings, then the fact of character must be open to proof. McCormick, *Evidence* section 187 (2d ed 1972); *Guedon v. Rooney,* 160 Or [621,] 87 P2d 209 (1939). Examples of 'character in issue' are the competency of the driver in an action for negligent entrustment *and the character of the plaintiff in an action for defamation.*" Legislative Commentary to OEC 404, published in Kirkpatrick, Oregon Evidence 95 (Butterworth 1982)(emphasis added).

Based on the emphasized portion of the commentary, the Court of Appeals apparently concluded that, because this is a defamation action, plaintiff's character must be "in issue" within the meaning of OEC 404(1). In addition, the Court of Appeals concluded that plaintiff put his character in issue because he sought damages for injury to his reputation. 81 Or App at 224-25. We disagree.

The Court of Appeals took the commentary's defamation example out of context and applied it far more broadly than the legislature intended. The defamation example must be read in conjunction with the explanation of the phrase, "character in issue," immediately preceding it. Character was not in issue.

---

[1] For the status of the commentary in interpreting the Code, see the discussion in *State v. Jancsek,* 302 Or 270, 280-81, 730 P2d 14 (1986).

In explaining "character in issue," the legislative commentary cites McCormick, Evidence § 187 (2d ed 1972). Section 187 discusses the "character in issue" rule and applies it to defamation cases as follows:

> "Thus, in defamation when the slander charged bad character, and the defendant pleads truth, character is in issue and specific instances may be shown, subject usually to the proviso that notice of them is given in the plea. * * * *To be distinguished is the situation where reputation itself (not character) comes into issue, when defendant seeks to show that plaintiff's reputation was bad, in mitigation of damages.*" McCormick, *supra,* 443 n 8 (emphasis supplied).[2]

■ As noted in McCormick, character and reputation are not synonymous. Character is internal; it is that set of personality traits and moral values actually possessed by an individual. *See State v. Johns,* 301 Or 535, 548, 725 P2d 312 (1986). Reputation, however, is external. It is the community's *perception* of an individual's character. Character is what a person is, reputation is what the person's neighbors think he or she is. *See* 1A Wigmore, Evidence 1147-48, § 52 (Tillers rev 1983); 22 Wright & Graham, Federal Practice and Procedure: Evidence 353, § 5233 (1978).[3] Plaintiff's pleadings in this case establish that he sought damages for harm to his reputation, not his character. Nothing in the answer of either defendant transformed the case into one in which it fairly could be said that plaintiff's character was in issue. The Court of Appeals erred in concluding that plaintiff invited inquiry into his business *character* by seeking damages for harm to his business *reputation.*

The gravamen of the tort of defamation is the injury to the plaintiff's reputation. *See, e.g., Lowe v. Brown,* 114 Or 426, 433-34, 233 P 272, 235 P 395 (1925); *State v. Mason,* 26 Or

---

[2] Put differently,

> "[a]n action for defamation, by its definition, involves alleged injury to reputation, and evidence showing that this reputation is good or bad is relevant on the question of damages, by way of aggravation and mitigation, respectively. However, the *character* of the plaintiff is not in issue unless it is put in issue by a plea of justification * * * that asserts, directly or indirectly, that the character of the plaintiff is bad." 1A Wigmore, Evidence 1484, § 70 (Tillers rev 1983) (emphasis in original).

[3] Or, as one wag has put it: "Many a man's reputation would not know his character if they met on the street." Bartlett, Unfamiliar Quotations 255 (1971) (attributed to Elbert Hubbard).

273, 277-78, 38 P 130 (1894); *see also* Prosser & Keeton, The Law of Torts 771, § 111 (5th ed 1984). Whether plaintiff actually deserved his reputation is not at issue, and defendants are not entitled to introduce evidence on that point. *See* Prosser & Keeton, *supra,* 847 n 43, § 116A; 22 Wright & Graham, *supra,* 369, § 5235. All that they are entitled to show is the status of plaintiff's business reputation prior to Freunscht's statements.

It follows that, because it is only plaintiff's business reputation, not his business character, that is at issue here, OEC 404(1) by its own terms does not apply. The admission by the trial court of evidence of plaintiff's unrelated acts of business misconduct was therefore improper and reversible error, unless the evidence is relevant to prove his business reputation. *See* OEC 401.

We conclude that it is not. Specific instances of plaintiff's prior business misconduct have no relevance to his reputation unless they were generally known in the business community. *See Gobin v. Globe Pub. Co,* 229 Kan 1, 620 P2d 1163 (1980); *see also* 1A Wigmore, *supra,* 1521-22, § 70.2. In this case, the witnesses did not testify that their business dealings with plaintiff were generally known, but only that they themselves were aware of occasions on which plaintiff engaged in certain allegedly improper business misconduct. Neither was there evidence that the business community in question was so small that the fact that the two witnesses had unsatisfactory business dealings with plaintiff could in itself affect plaintiff's reputation on a scale sufficiently broad to diminish plaintiff's damages. The trial court erred in allowing defendants to introduce evidence of specific instances of plaintiff's business misconduct.

■ Plaintiff also argues that he was "sandbagged" at trial because he had not been notified of defendants' intention to introduce evidence of mitigating circumstances, an intention that he argues must be disclosed in the pleadings. The Court of Appeals held that ORCP 20E(2)[4] does not require the

---

[4] ORCP 20E provides:

"(1) In an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; but it

defendant in a defamation action to plead mitigation. *Shirley v. Freunscht, supra,* 81 Or App at 226. We agree with the Court of Appeals.

The decision of the Court of Appeals is reversed. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

shall be sufficient to state generally that the same was published or spoken concerning the plaintiff. If such allegation is controverted, the plaintiff shall be bound to establish on the trial that it was so published or spoken.

"(2) In the answer, the defendant may allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages, and whether the defendant proves the justification or not, the defendant may give in evidence the mitigating circumstances."