The question certified to this Court actually involves two separate issues. The first issue is purely a question of proximate cause, namely, whether a police chief, who conducts a press conference to explain to attending representatives of the radio and newspaper media how an undercover "sting operation" had resulted in the dismissal of police officers in his employ, may be liable for the subsequent dissemination by those media of defamatory remarks the police chief made about the terminated officers at the press conference. The second distinct issue is whether the police chief's defamatory remarks in the preceding instance constitute libel, rather than slander. The "question," as it has been certified to this Court, cannot be addressed without first resolving both of these issues.
I would answer both questions in the affirmative. Insofar, therefore, as the majority opinion supports the jury's award ofcompensatory damages, I concur in the result. Insofar, however, as the majority opinion holds that the defamatory remarks wereslander, which is the only basis on which the jury could have awarded punitive damages, I cannot agree.
 I. Proximate Cause — Compensatory Damages
As to the extent of liability of the original publisher of defamatory material for damage caused by its subsequent publications, the rule is as follows:
 "So far as 'proximate cause' is concerned, recovery has been limited very definitely to those damages which are regarded *Page 1168 
as reasonably foreseeable or normal consequences of the defamation. Formerly it was held that the original defamer was liable only for the damages caused by his own publication, and was not responsible for repetition by others, on the theory that the 'last human wrongdoer' must be responsible, and there is still some authority to this effect; but there has been the same broadening of 'proximate cause' as in other fields of liability, and the prevailing view now appears to be that there is liability for damages due to such a repetition when it was authorized or intended, or when the circumstances were such that it might reasonably have been anticipated."
W. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keetonon the Law of Torts § 112, at 795 (5th ed. 1984) (emphasis added; footnotes omitted). The Restatement describes the rule similarly:
 "The publication of a libel or slander is a legal cause of any special harm resulting from its repetition by a third person if, but only if,
 "(a) the third person was privileged to repeat it, or
 "(b) the repetition was authorized or intended by the original defamer, or
 "(c) the repetition was reasonably to be expected."
Restatement (Second) of Torts § 576 (1977).
The statements made by Chief Wilson fall squarely within this rule. Consequently, I would hold that the jury in this case could have awarded compensatory damages on the ground that Chief Wilson's initial statements were the proximate cause of harm resulting from the foreseeable and intended repetition by the media. Therefore, I concur in the result as to the award of compensatory damages.[1]
 II. Libel — Punitive Damages
The award of punitive damages, however, is quite another matter. Ala. Code 1975, § 6-5-186, provides:
 "Vindictive or punitive damages shall not be recovered in any action for libel on account of any publication unless (1) it shall be proved that the publication was made by the defendant with knowledge that the matter published was false, or with reckless disregard of whether it was false or not, and (2) it shall be proved that five days before the commencement of the action the plaintiff shall have made written demand upon the defendant for a public retraction of the charge or matter published; and the defendant shall have failed or refused to publish within five days, in as prominent and public a place or manner as the charge or matter published occupied, a full and fair retraction of such charge or matter."
(Emphasis added.)
It is undisputed that the plaintiffs did not solicit a retraction, as required by § 6-5-186. Consequently, the punitive damages awarded by the jury in this case are authorized by Alabama law only if Chief Wilson's remarks are properly characterized as slander. I would hold that they are not.
" 'Libel consists of the publication of defamatory matter by written or printed words, by its embodiment in physical formor by any other form of communication that has the potentiallyharmful qualities characteristic of written or printed words.' " First Indep. Baptist Church of Arab v. Southerland,373 So.2d 647, 649 (Ala. 1979) (quoting Restatement (Second) of Torts
§ 568; emphasis in Southerland). Southerland held that statements made in tape-recorded sermons — broadcast from a radio station — were, if defamatory, libel rather than slander.373 So.2d at 650.
Consistent with that case is the view that "[a] publication of a libel may be made by an oral communication that is intended to be, and is, reduced to writing . . . or when a statement is given orally to a newspaper reporter and is published in the paper." Willis v. Perry, 677 P.2d 961, 963
(Colo.App. 1983) (quoting Restatement (Second) of Torts *Page 1169 
§ 568 cmt. f (1977) (emphasis added)); see also Newton v.Family Federal Savings Loan Ass'n, 48 Or. App. 373,616 P.2d 1213 (1980).
It would be anomalous and unjust to hold Chief Wilson liable for damages flowing from publications in forms which, if the action had been brought against the republishing media, would, by definition, be the basis of a cause of action for libel — not slander — but, at the same time, deny him the benefit of §6-5-186, to which the republishing media would be entitled. I consider Chief Wilson's statements, to the extent they are defamatory, different in no substantive respect from dictations made to a stenographer for written dissemination. SeeRestatement (Second) of Torts § 568 cmt. f (1977) ("[O]ne who dictates to a stenographer a letter that defames a third person may become liable for libel on the basis of the oral communication when the stenographer takes it down, even though no other person sees it"). I would hold that Chief Wilson's statements are subject to § 6-5-186, and, consequently, are not
subject to the imposition of punitive damages. To the extent, therefore, that the majority opinion characterizes the defamation as slander and supports the imposition of punitive damages, I respectfully dissent.
SHORES, J., concurs.
[1] Although Restatement § 576 limits the application of this rule to "special harm," which it defines as "the loss of something having economic or pecuniary value," § 575 cmt. b, no issue has been presented to us regarding the type of compensatory damages awarded, that is, general or special.