**C. Gordon DILLARD, Plaintiff–Appellant,**

v.

**Michael SANCHEZ; et al., Defendants–Appellees.**

**No. 08–35241.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009 *.

Filed Oct. 23, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

C. Gordon Dillard, Wilsonville, OR, pro se.

Justice Joy Rillera, Assistant Attorney General, AGOR—Office of the Oregon Attorney General, Salem, OR, Robert Edward Franz, Jr., Law Office of Robert E. Franz, Jr., Springfield, OR, David B. Paradis, Esquire, Brophy Mills Schmor Gerking & Brophy, Medford, OR, for Defendants–Appellees.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

C. Gordon Dillard appeals pro se from the district court's summary judgment in his action under 42 U.S.C. § 1983 and various state laws claiming that defendants defamed him, conspired against him, and violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

The district court properly concluded that prosecutor Sanchez was immune from Dillard's claim that Sanchez hid exculpatory evidence. *See Imbler v. Pachtman*, 424 U.S. 409, 416, 431 & n. 34, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that a prosecutor has absolute immunity "in initiating a prosecution and in presenting the State's case," even where the prosecutor willfully suppressed exculpatory information).

In his second reply brief Dillard contends that Sanchez also improperly coached the police to manufacture evidence prior to the probable cause hearing and empaneling of the grand jury. Dillard did not raise this issue in his notice of appeal or opening brief, *see Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990), and has not set forth specific facts showing the existence of a triable issue regarding this claim, *see* Fed.R.Civ.P. 56(e).

Dillard contends Sanchez made false and misleading statements about him to the media. The district court correctly observed that Dillard did not identify the specific statements allegedly made by Sanchez, or indicate whether the statements were made in court or to the media. Nevertheless, construing Dillard's contention liberally, as we must, we agree with the district court that Sanchez's comments, to the extent they are reported in media articles in the record on appeal, were within the bounds of permissible speech. *See Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (declining to recognize any substantive right prohibiting a state from publicizing a record of an official act). In addition, Dillard failed to show any stigma beyond damage to reputation as a result of Sanchez's alleged defamatory statements. *See id.* at 701–02,

ed by 9th Cir. R. 36–3.

96 S.Ct. 1155 (requiring "some more tangible interests" than reputation alone to convert alleged "defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause"); *see also Wenger v. Monroe,* 282 F.3d 1068, 1074–75 (9th Cir.2002).

The district court properly concluded that Dillard failed to provide sufficient information concerning the specific statements published in the Daily Courier that allegedly defamed him. *See Fowler v. Donnelly,* 225 Or. 287, 358 P.2d 485, 488 (1960) (requiring specificity in an Oregon defamation action). However, construing Dillard's contentions liberally, and limiting our review to the articles contained in the record on appeal, we agree with the district court that the Courier published the substantial truth. *See Shirley v. Freunscht,* 81 Or.App. 221, 724 P.2d 907, 910 (1986), *rev'd on other grounds* 303 Or. 234, 735 P.2d 600 (1987) (applying the substantial truth defense in Oregon).

Dillard objects to the district court's application of *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), on the ground that it would require him to refile this action in the event certain claims are no longer barred by *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Dillard lacks standing to make this claim because he has not shown he has suffered an actual injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (explaining that constitutional standing requires that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical") (internal citations and quotations omitted).

Dillard contends the police provided the Daily Courier with prejudicial information about the contents of his vehicle discovered during an illegal search. To the extent Dillard seeks to obtain a ruling regarding the constitutionality of the search, his claim is *Heck*-barred. *See* 512 U.S. at 487, 114 S.Ct. 2364. To the extent Dillard asserts a defamation claim against the officers, the claim fails because he has not made the showing of "stigma plus" required by *Paul,* 424 U.S. at 701–02, 96 S.Ct. 1155. *See Wenger,* 282 F.3d at 1075.

Dillard's remaining contentions are not persuasive.

**AFFIRMED.**